LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
825 Veterans Highway, Suite B
Hauppauge, New York 11788
Tel.: (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
AMBAR LIRANZO, on behalf of herself and all  :
others similarly situated,                                       :
                                                                              :
                          Plaintiff,                            :            COMPLAINT
   -against-                                                     :
                                                                              :
RECCO HOME CARE SERVICE, INC. and        :
FRANK J. RECCO,                                              :
                      Defendants.                      :
-----------------------------------------------------------------------X

Plaintiff AMBAR LIRANZO ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly situated, by and through her attorneys, the LAW OFFICE OF PETER A. ROMERO PLLC, alleges as follows:

## PRELIMINARY ACTION

1. Plaintiff brings this action against Defendants to remedy violations of under the Family and Medical Leave Act, 29 U.S.C. §2601, et seq. ("FMLA") and the New York State Human Rights Law, N.Y. Exec. Law §290, et. seq. (the "Executive Law"). Plaintiff seeks injunctive and declaratory relief, compensatory damages, liquidated damages, punitive damages, attorneys' fees and other appropriate relief pursuant to the FMLA and the Executive Law.

2. Plaintiff brings this action seeking monetary damages, declaratory relief, and affirmative relief based upon Defendant's violations of the Fair Labor Standards act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; New York Labor Law ("NYLL"), N.Y. Lab Law § 190 *et seq.*; New York

State Department of Labor Regulations ("NYDOL Regs"), 12 N.Y.C.R.R. § 142-2.2, the New York Home Care Worker Wage Parity Act, N.Y. Pub. Health Law § 3614-c ("WPA"), common law, and other appropriate rules, regulations, statutes or ordinances.

3. Plaintiff alleges pursuant to the FLSA, NYLL and WPA, that she is entitled to recovery from Defendant for: (1) overtime compensation for all hours worked in excess of forty (40) hours per week; (2) premium compensation required by the WPA when providing qualifying services; (3) interest on all compensation Defendant withheld; (4) the maximum penalty for violations of NYLL §195(1); (5) liquidated damages; (6) statutory interest; and (7) attorney's fees and costs.

4. Plaintiff also brings this action on behalf of herself and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid minimum wages and statutory damages under the New York Labor Law Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law") and for Defendant's failure to pay wages under the WPA.

## JURISDICTION AND VENUE

5. This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

6. This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367 and other appropriate rules, regulations, statutes and ordinances.

7. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within this jurisdiction.

8. This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

9. Plaintiff AMBAR LIRANZO ("Plaintiff"), was at relevant times, a domiciliary of the State of New York, who presently resides in Suffolk County, New York.

10. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203 (e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2) and a "home care aide" pursuant to the WPA, N.Y. Pub. Health Law § 3614-c(1)(d).

11. Upon information and belief, Defendant RECCO HOME CARE SERVICE, INC. ("RECCO" or "Corporate Defendant") is a New York Corporation, with its principal place of business at 524 Hicksville Road, Massapequa, New York 11758.

12. At all times relevant to the Complaint, Defendant acted as an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 109(3) of the NYLL, NY Lab. Law § 190(3) and a covered entity subject to the WPA.

13. Upon information and belief, at all times relevant herein, Defendant was an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203 (r )(1) and (r)(2), due to their operation that provides home health aide services.

14. Upon information and belief, at all times relevant herein, Defendant employed more than two (2) employees engaged in interstate commerce and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to their operation that provides home health aide services.

15. Defendant FRANK J. RECCO was and is an owner and/or shareholder of RECCO; was and is a Principal/Chief Executive Officer of RECCO; has the power to hire and fire employees; supervises and controls employee work schedules and the work environment; determines the rate and method of payment of employees; and maintains employment records for corporate defendant.

16. At all times relevant to the Complaint, Defendant FRANK J. RECCO is an "employer" within the meaning of the FMLA, Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 109(3) of the NYLL, NY Lab. Law § 190(3), and the N.Y. Executive Law.

**FACTS**

17. Plaintiff was hired by Defendant in or January 2016 as a "Home Health Aide". Plaintiff worked for Defendant as a Home Health Aide from in or about January 2016 until in or about November 2016. Plaintiff worked for Defendant as a clerical worker from in or about November 2016 until May 24, 2018.

18. When Plaintiff worked as a Home Health Aide, she was required to appear for appointments at two or more clients' homes in a single day, requiring Plaintiff to travel directly from each client's home to her next client appointment. However, throughout her employment, Defendant did not pay Plaintiff at any rate of pay for her hours spent traveling from one client's home for an appointment to any other clients' homes for subsequent appointments on the same date. Defendant treated and paid other similarly situated Home Health Aides in a similar manner.

19. Upon information and belief, Defendant has entered into contracts with government agencies to pay Plaintiff, and other similarly situated employees, wages at a minimum total compensation rate as required by the WPA. These contracts were made with an intent to benefit Plaintiff and other similarly situated employees.

20. Upon information and belief, Defendant has made certifications to government agencies that it is in compliance with the terms of the WPA.

21. Upon information and belief, Defendant has failed to pay Plaintiff the applicable minimum total compensation rates due to home care aides as established by the WPA.

22. Upon information and belief, Defendant breached its obligations to pay Plaintiff all wages due under the WPA by failing to pay them at the required minimum total compensation rates due to home care aides.

23. As an intended third-party beneficiary of Defendant's contracts with government agencies to pay wages pursuant to the WPA, Plaintiff is entitled to relief for the breach of these contractual obligations.

24. When Plaintiff worked as a clerical worker she was a "non-exempt" employee who was entitled to overtime premiums for all hours worked in excess of forty (40) per week.

25. During an audit of Defendant in 2017, Plaintiff was required to work more than forty (40) hours per week for several weeks during the months of April and May, but was not paid overtime at the rate of one and one-half times her regular rate of pay for hours worked after 40 hours per week.

26. In addition, Defendant failed to post notices explaining the applicable wage and hour requirements in conspicuous locations as required by the FLSA, 29 C.F.R § 516.4 and the NYLL, N.Y.C.R.R. 12§ 137-2.3.

27. Defendant failed to provide Plaintiff with written notice of her wage rate in accordance with NYLL § 195(1).

28. On or about March 1, 2018, Plaintiff began an approved FMLA leave of absence in connection with surgery to alleviate severe sinusitis and migraine headaches.

29. Plaintiff's expected return to work date was May 24, 2018. During Plaintiff's leave of absence, and prior to May 24, 2018, FRANK J. RECCO angrily told Plaintiff that she had better return to work by that date. On May 22, 2018, Plaintiff received authorization from her physician to return to work. On May 24, 2018, however, Plaintiff was informed that FRANK J. RECCO had terminated her employment.

30. Defendants retaliated against Plaintiff for exercising her rights under the FMLA and failed to restore Plaintiff to her position at the conclusion of her FMLA leave of absence.

31. Defendants discriminated against Plaintiff because of her disability and/or perceived disability in violation of the New York Executive Law.

32. Due to Defendants' retaliation and discrimination, Plaintiff has suffered the loss of her job and the opportunity to work. Plaintiff's losses include the wages and benefits she would be receiving while employed by Defendant. Plaintiff has also suffered emotional harm and distress.

## RULE 23 CLASS ACTION ALLEGATIONS

33. Plaintiff brings her New York Labor Law and New York Home Care Worker Wage Parity Act claims on behalf of herself and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendant in non-exempt positions as at any time during the six (6) years prior to the filing of this action (hereinafter referred to as the "Class" or the "Class Members").

34. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

35. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests is presently within the sole control of Defendant, upon information and belief there are over forty (40) individuals who are currently, or have been, employed by the Defendant in non-exempt positions at any time during the six (6) years prior to the filing of this Complaint.

36. Defendant has acted and/or has refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

37. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) whether Defendant failed to provide Plaintiff and Class Members prior to hire with an accurate notice written in their primary language setting forth their regular rate of pay and overtime rate of pay;

(b) whether Defendant failed to pay Plaintiff and Class Members at their regular rates for time spent traveling from one client appointment to any subsequent client appointments in the same day;

(c) whether Defendant failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and the Class Members;

(d) whether Defendant's policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

(e) whether Defendant entered into contracts with government agencies to pay Plaintiff and Class Members wages at a minimum total compensation rate as required by the WPA;

(f) whether Defendant made certifications to government agencies that it is in compliance with the terms of the WPA;

(g) whether Defendant has failed to pay Plaintiff and Class Members the applicable minimum total compensation rates due to home care aides for covered services as established by the WPA;

(h) whether Defendant breached its obligations to pay Plaintiff and Class Members all wages due under the WPA by failing to pay them at the required minimum total compensation rates due to home care aides;

(i) what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

(j) whether Defendant's general practice of failing and/or refusing to pay Plaintiff and Class Members overtime, their agreed upon regular hourly rate when their total weekly hours did not exceed 40 in one week ("Gap Time") was done willfully and/or with reckless disregard of the wage and hour laws.

38. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendant failed to pay required overtime compensation, failed to pay wages for all hours worked at their agreed upon regular hourly rate when their total weekly hours did not exceed 40 in one week ("Gap Time"); failed to pay spread-of-hours compensation, failed to pay at the minimum total compensation rates due under the WPA, failed to provide accurate wage notices at their time of hire, failed to provide accurate wage statements for each pay period, and failed to maintain required and accurate records of the hours worked by Plaintiff and the Class.

39. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

40. Plaintiff is able to fairly and adequately protect the interests of the Class, has no interests antagonistic to the Class and has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

41. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant.

42. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

43. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

44. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF

45. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

46. By the aforementioned actions, Defendant RECCO HOME CARE SERVICE, INC. has retaliated against Plaintiff for exercising her rights under the FMLA in violation of 29 U.S.C. §2615.

47. As a result of Defendant's retaliatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment and loss of opportunity for advancement and promotion.

## SECOND CLAIM FOR RELIEF

48. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

49. By the aforementioned actions, Defendant FRANK J. RECCO has retaliated against Plaintiff for exercising her rights under the FMLA in violation of 29 U.S.C. §2615.

50. As a result of Defendant's retaliatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment and loss of economic opportunity.

## THIRD CLAIM FOR RELIEF

51. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

52. By the aforementioned actions, Defendant RECCO HOME CARE SERVICE, INC. has failed to restore Plaintiff to an equivalent position upon the cessation of leave in violation the FMLA.

53. As a result of Defendant's retaliatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment and loss of opportunity for advancement and promotion.

### FOURTH CLAIM FOR RELIEF

54. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

55. By the aforementioned actions, Defendant FRANK J. RECCO has failed to restore Plaintiff to an equivalent position upon the cessation of leave in violation the FMLA.

56. As a result of Defendant's retaliatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment and loss of opportunity for advancement and promotion.

### FIFTH CLAIM FOR RELIEF

57. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

58. By the acts and practices described above, Defendant RECCO HOME CARE SERVICE, INC. discriminated against Plaintiff in the terms and conditions of her employment on the basis of disability in violation of the Executive Law

59. As a result of Defendant's discriminatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

### SIXTH CLAIM FOR RELIEF

60. Plaintiff realleges and incorporates by reference the preceding allegations as if fully set forth herein.

61.     By the acts and practices described above, Defendant FRANK J. RECCO discriminated against Plaintiff in the terms and conditions of her employment on the basis of disability in violation of the Executive Law

62.     As a result of Defendant's discriminatory conduct, Plaintiff has suffered loss of income and benefits, termination of employment, loss of opportunity for advancement and promotion, emotional pain and suffering, mental anguish, embarrassment and humiliation.

### SEVENTH CLAIM FOR RELIEF

63.     Plaintiff repeats and re-alleges each and every allegation contained herein.

64.     Plaintiff worked in excess of forty (40) hours per week.

65.     Defendant failed to pay Plaintiff overtime compensation at the rate of one and one-half (1.5) times her regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

66.     Defendant's failure to pay overtime compensation was willful.

67.     For the foregoing reasons, Defendant is liable to Plaintiff in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### EIGHTH CLAIM FOR RELIEF

68.     Plaintiff repeats and re-alleges each and every allegation contained herein.

69.     Plaintiff and Class Members worked in excess of forty (40) hours per week.

70.     Defendant failed to pay Plaintiff and Class Members overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

71.     Defendant's failure to pay overtime compensation was willful.

72.     For the foregoing reasons, Defendant violated NYLL Article 19 § 663 and 12 NYCRR § 142- 2.2 and are liable to Plaintiff and Class Members in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

### NINTH CLAIM FOR RELIEF

73.     Plaintiff repeats and re-alleges each and every allegation contained herein.

74.     NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

75.     Defendant failed to compensate Plaintiff and the Class Members at the regular rate of pay for each hour that they worked in accordance with their agreed terms of employment.

76.     For the foregoing reasons, Plaintiff and the Class Members are also entitled to all unpaid wages at their regular rate of pay for their first forty hours of work, interest, liquidated damages, attorneys' fees, and costs.

### TENTH CLAIM FOR RELIEF

77.     Plaintiff repeats and re-alleges each and every allegation contained herein.

78.     Upon information and belief, Defendant entered into contracts with one or more third parties to provide services on covered by the New York Home Care Worker Wage Parity Act for which Plaintiff and Class Members performed services.

79.     Upon information and belief, Defendant agreed as part of such contracts to pay Plaintiff and Class Members the minimum total compensation rate due per hour as established by the WPA.

80.     Plaintiff and Class Members were third-party beneficiaries of the contracts entered into by Defendant.

81. Upon information and belief, Defendant breached the contracts in that it failed to pay Plaintiff and Class Members the at the required minimum total compensation rates due per hour as established by the WPA and as required by these contracts.

82. For the foregoing reasons, Defendant is liable to Plaintiff and Class Members for damages based upon an accounting of the wages that the Plaintiff and Class Members were entitled to be paid as third-party beneficiaries of the contracts and as required by the WPA.

### ELEVENTH CLAIM FOR RELIEF

83. Plaintiff repeats and re-alleges each and every allegation contained herein.

84. Defendant failed to provide Plaintiff and Class Members with an accurate wage notice at their time of hire, as required by NYLL § 195(1).

85. For the foregoing reasons, Defendant has violated NYLL § 195(1) and are liable to Plaintiff and Class Members for statutory damages, attorneys' fees and costs.

### DEMAND FOR A JURY TRIAL

86. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Class Members demand a trial by jury on all claims in this action.

**WHEREFORE,** as a result of the unlawful conduct and actions of the Defendant herein alleged, Plaintiff, FLSA Plaintiffs and Rule 23 Class Members, respectfully request that this Court grant the following relief:

(i) Declaring the acts and practices complained of herein are in violation of the FMLA and the N.Y. Executive Law;

(ii) Reinstatement of Plaintiff to an equivalent position;

(iii) Damages in the form of back pay with interest;

(iv) Front pay, in lieu of reinstatement;

(v)     Compensatory damages for emotional pain and suffering, mental anguish, embarrassment and humiliation;

(vi)     Liquidated damages under the FMLA;

(vii)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

(viii)     Unpaid overtime wages, gap time pay at each employee's agreed upon regular rates of pay, spread of hours pay, liquidated damages, and statutory damages for violations pursuant to the New York Labor Law;

(ix)     Unpaid wages owed for failure to pay proper wages under the WPA;

(x)     Certification of this case as a collective action under 29 U.S.C. §216(b) and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(xi)     Designation of Plaintiff as the representative of the Rule 23 Class, and counsel of record as Class Counsel;

(xii)     Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the New York Labor Law, the supporting New York State Department of Labor Regulations, and the WPA;

(xiii)     Reasonable attorneys' fees and costs incurred in prosecuting these claims;

(xiv)     Interest as permitted by law; and

(xv)     Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
      June 25, 2018

                              LAW OFFICE OF PETER A. ROMERO PLLC

          By:      */s/ Peter A. Romero*
                              Peter A. Romero, Esq.
                              825 Veterans Highway, Suite B
                              Hauppauge, New York 11788
                              Tel.: (631) 257-5588
                              promero@romerolawny.com

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Recco Home Care Services to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____        ___6/14/2018_____
Ambar Liranzo                                                  Date